UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>JOHN DOE,<br><br>Defendant. | Case No. 3;14-cr-00042-MMD-VPC<br><br>ORDER |

Before the Court is the government's motion requesting that this Court issue an order compelling Doe Defendant to reveal his "true identity" ("Motion"). (ECF No. 64.) In its sound discretion, the Court denies the Motion. *See, e.g.*, *U.S. v. Toral*, 536 F.2d 893, 897 (9th Cir. 1976) (citation omitted) ("The refusal to force revelation of the informant's identity was also within the court's sound discretion.").

Courts have applied a variety of standards/tests to benchmark whether an anonymous identity should be revealed, but generally at the motion to dismiss or summary judgment stages—not at the end of a trial, as with the instant matter. *See In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011) (collecting cases). The Court finds most applicable the "post-judgment" balancing test/standard explained in *Signature Management Team, LLC v. Doe ("Signature")*, 876 F.3d 831 (6th Cir. 2017). In *Signature*, the Court of Appeals for the Sixth Circuit directed that

> When deciding whether to unmask an anonymous defendant, courts must consider both the public interest in open records and the plaintiff's need to learn the anonymous defendant's identity in order to enforce its remedy. The greater a plaintiff's or the public's interest in unmasking a losing Doe defendant's identity, the more difficult it will be for the Doe defendant to overcome the presumption [of open judicial records] and remain anonymous.

*Id.* at 837.

*///*

Here, Doe Defendant was convicted of three offenses: Unlawful Production of an Identification Document, in violation of 18 U.S.C. § 1028(a)(1); False Attestation in Immigration Matter, in violation of 18 U.S.C. § 1546(b)(3); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.[1] (ECF Nos. 1, 40, 44, 64 at 1–2.) In February 2015, he was sentenced to 78 months imprisonment. (ECF No. 44 at 3.) The Ninth Circuit affirmed his conviction and sentence, *see United States v. Doe*, 842 F.3d 1117 (9th Cir. 2016), and his petition for *writ of certiorari* in the United States Supreme Court was denied (ECF No. 63). In its Motion, the government contends that since Doe Defendant's case has been fully litigated, he is no longer privileged under the Fifth Amendment to withhold his identity, and the Court should order he reveal his identity. (ECF No. 64 at 2.) The government's articulated reason for unmasking Doe Defendant at this juncture is to correct the case record—by adding the Defendant's true name and other identifying information. (*Id.* at 2–3, 5.) The government also seeks to have Doe Defendant held in civil contempt and his sentence suspended until he complies with a presumptive court order to reveal his identity. (*Id.* at 4.)

The Court finds the government's reasoning underlying its Motion tenuous at best considering the posture of this matter and its proposal to suspend Doe Defendant's sentence problematic. First, the Court finds that the government's cited authority does not support the conclusion that the Motion should be granted. (*See generally* ECF No. 64.) Second, the government does not argue that Doe Defendant's identity is *needed on the record* to ensure he complies with the judgment of conviction or a condition of supervised release. (*Id.*; *see also* ECF No. 44 at 4–5 (conditions of supervised release).) Instead, the government effectively seeks to impede Doe Defendant's ability to fulfill the terms of his conviction with its request to suspend Doe Defendant's sentence. Finally, the government does not explain the extent of the public's interest in having Doe Defendant reveal his "true identity" for the record at this stage. Accordingly, the Court finds that there is little, if any,

///

---

[1] Doe Defendant was convicted of a total of four counts; he was convicted of two separate counts of aggravated identity theft.

2

need to order that Doe Defendant unmask his identity and collaterally that he be held in civil contempt and his sentence be suspended if he fails to do so.

It is therefore ordered that the government's motion for an order compelling Doe Defendant to reveal his "true identity" (ECF No. 64) is denied.

DATED THIS 22nd day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE